UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    CRIMINAL NO. 3:05CR51(RNC) |
| v. | : |
| | :    18 U.S.C. § 371 [conspiracy] |
| ALBERT BRYNDZA | :    18 U.S.C. § 2319 [copyright Infringement] |
| a/k/a "Kortelio" | :    17 U.S.C. § 506(a) [copyright Infringement] |

INFORMATION

The Government charges that:

COUNT ONE
(Conspiracy)

I. Background

1. At all times relevant to this Information, the defendant **ALBERT BRYNDZA** possessed, maintained, or had access to one or more computers connected to the Internet and communicated online using the alias "Kortelio."

II. Object of the Conspiracy

2. Beginning at a time unknown and, although no later than in or about June of 2000, through in or about April 2004, in the District of Connecticut and elsewhere, the defendant **ALBERT BRYNDZA** a/k/a "Kortelio," and others known and unknown to the Government (the "Conspirators") did knowingly and willfully conspire, combine, confederate, and agree to commit an offense against the United States -- to wit, to willfully infringe the copyright of a copyrighted work for purposes of commercial advantage and private financial gain, by reproducing and distributing during a 180-day period ten (10) or more copies of one or more copyrighted works, which have a total retail value of more than $2,500, in violation of Title 18, United States Code, Section 2319(b)(1), and Title 17, United States Code, Section 506(a)(1).

### III. Manner and Means of the Conspiracy

3. It was a part of the conspiracy that the defendant **ALBERT BRYNDZA** and others known and unknown to the Government were participants in the "warez scene" -- that is, individuals and organized groups of individuals ("warez groups") who engage in the duplication, modification, reproduction, and distribution of copyrighted software over the Internet, in violation of federal copyright law. The defendant **ALBERT BRYNDZA** built and owned FTP servers, known as "warez sites," in order to distribute pirated software and media in affiliation with several leading warez groups, including "Fairlight." These sites were known in the warez scene by the names "Optical Illusion" ("OI") and "DOH." In addition to the activities set forth above, since at least 1999, in furtherance of the above conspiracy, the defendant uploaded and downloaded many pirated copies of copyrighted works to and from warez sites to which he had privileged access.

4. It was further a part of the conspiracy that the defendant **ALBERT BRYNDZA** and others known and unknown to the Government would obtain access to "pirated" software -- that is, computer software, games, movies, and music files that had been "cracked" (i.e., had their copyright protections removed or circumvented) by other participants in the warez scene. The defendant **ALBERT BRYNDZA** and others known and unknown to the Government would then distribute such pirated software to various file storage sites ("FTP sites") on the Internet for others to access, reproduce, and distribute. In exchange for building and owning the OI and DOH FTP servers, the defendant **ALBERT BRYNDZA** would obtain access to additional files located on those FTP sites for downloading for his own use and benefit.

5. It was further a part of the conspiracy that the defendant **ALBERT BRYNDZA**, through his contacts in the warez community and his reputation as a well-known site owner,

would gain privileged access to other FTP sites known as House of Pain ("HOP") and Arakis ("AKS"). From in or about 1999 through in or about April 2004, the Conspirators, including the defendant **ALBERT BRYNDZA**, distributed pirated software over the DOH, OI, HOP, and AKS sites, in violation of federal copyright law.

Overt Acts

6. In furtherance of the above conspiracy, and in order to effectuate the objects thereof, the following overt acts, among others, were committed within the District of Connecticut and elsewhere:

    a. In or about June 1999 and, again in early 2003, the defendant **ALBERT BRYNDZA** built and owned FTP sites for the purpose of uploading and downloading pirated software.

    b. From in or about the Fall of 2000 through in or about April 2004, the defendant **ALBERT BRYNDZA** gained privileged access to the HOP, DOH, OI and AKS sites for the purpose of downloading pirated software.

    c. From in or about the Fall of 2000 through in or about April 2004, the defendant **ALBERT BRYNDZA** and other Conspirators uploaded thousands of pirated copyrighted works to the DOH, AKS and HOP sites with the knowledge and intent that those copyrighted works would be further accessed, reproduced, and distributed by additional Conspirators. For example, as of March 25, 2004, the HOP site alone, a site to which the defendant **ALBERT BRYNDZA** personally had access, contained well over 3,000 pirated software titles and had been used to distribute copyrighted software and media titles with a retail value of at least $210,000. In total, over the course of the above conspiracy, the Conspirators distributed approximately 3,500 individual copyrighted works over the HOP site -- with many of those copyrighted works being

reproduced and distributed more than once.

All in violation of Title 18, United States Code, Section 371.

THE UNITED STATES OF AMERICA

_____
KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_____
PETER S. JONGBLOED
SUPERVISORY ASSISTANT U.S. ATTORNEY

_____
MARIA A. KAHN
ASSISTANT U.S. ATTORNEY

_____
EDWARD CHANG
ASSISTANT U.S. ATTORNEY

_____
KENNETH L. DOROSHOW
SENIOR COUNSEL, CCIPS, U.S. DOJ